**[J-98-2020][M.O. - Wecht, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| IN RE: NOMINATION PAPER OF ELIZABETH FAYE SCROGGIN (OR IN THE ALTERNATIVE, HOWIE HAWKINS), NEAL TAYLOR GALE (OR IN THE ALTERNATIVE, ANGELA WALKER), TIMOTHY RUNKLE, OLIVIA FAISON, AND RICHARD L. WEISS IN THE GENERAL ELECTION OF NOVEMBER 3, 2020 | : : : : : : : : : : : : : | No. 55 MAP 2020<br><br>Appeal from the Order of the Commonwealth Court at No. 460 MD 2020 dated 9/9/20 |
| APPEAL OF: PAUL STEFANO AND TONY C. THOMAS | : : | SUBMITTED: September 15, 2020 |

*CONCURRING AND DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                                        **DECIDED: September 17, 2020**

I agree with the majority that Ms. Scroggin failed to meet the requirements of the Election Code pertaining to the submission of affidavits of political body candidates. In my view, however, the error was at least curable in the discretion of the Commonwealth Court. Moreover, since in light of that court's disposition it did not exercise such discretion, the matter should be remanded for an immediate decision whether to permit the submission of an original affidavit.

Significantly, in 1998, the Pennsylvania Legislature revised the section of the Election Code governing objections to nomination petitions and papers to remove explicit language sanctioning objections to appended affidavits. *See* Act 18 of 1998, P.L. 81 (*removing* the previous admonition, from 25 P.S. §2937 that: "For purposes of

this section, a nomination petition or paper shall include all affidavits required to be filed with such nomination petition or paper under this act."). The intent, made manifest in the extensive legislative history, was to "take away the process for challenging an affidavit." House J. Feb. 11, 1998, at 256 (reflecting a statement of a sponsor of the underlying bill). Concomitantly, the Legislature eliminated language associated with the discretionary authority of courts to allow prospective candidates to amend "material errors or defects apparent on the face of the nomination petition or paper" upon a reviewing court's discretionary approval. Act 18 of 1998, P.L. 81. The deleted clause had explicitly extended this authority to cure material errors or defects to ones appearing "on the face of the accompanying or appended affidavits." *Id.* Presumably, the Legislature contemplated that, since judicial review of affidavits would no longer be available under the new regime, a provision for amendment or cure would then be superfluous.

The Pennsylvania courts have largely ignored these amendments, *see, e.g. In re Nomination Petition of Pippy*, 711 A.2d 1048, 1055 (Pa. Cmwlth. 1998), which I would submit should be carefully reviewed by this Court on a proper and developed challenge. In the interim, I believe that the cure provision of 25 P.S. §2937 should continue to be read to extend to affidavits.[1]

As noted, the Commonwealth Court did not consider whether to exercise its discretion to allow for an original affidavit to be submitted, since the court found that the

---

[1] The cure provision works in tandem with the preceding section of the statute, governing the obligations of the Secretary of the Commonwealth. Under 25 P.S. §2936, the Secretary must identify petitions, papers, and accompanying affidavits that contain "material errors or defects on the face thereof," reject them on account of the defects, and provide the candidate "with a statement of the reasons or reasons for the rejection." 25 P.S. §2936. Where, as here, the Secretary fails in that duty, *see* Majority Opinion, *slip op.* at 21, the opportunity for cure in the discretionary authority of the reviewing court should arise. *See* 25 P.S. §2937.

faxed affidavit submitted by Ms. Scroggin sufficed as substantial compliance. Given that the court's holding is now being overturned, it is my position that the matter should be returned to the Commonwealth Court for an immediate decision whether to allow the placeholder candidate (Ms. Scroggin) to immediately submit a substituted, original affidavit.

Alternatively, before removing a candidate from the ballot based on a defective affidavit that is apparent on the face of the submission, I would first consider whether to enforce the legislative will to eliminate judicial review of candidate affidavits. In this regard, since the Legislature was never constitutionally required to provide for candidates' affidavits for political office in the first place (and no such requirement pertains to major political parties, *see* N.T., Sep. 7, 2020, in *In re Nomination Paper of Scroggin*, 460 M.D. 2020, at 29-30), there is a substantial argument to be made that the legislative design to foreclose judicial intervention relative to such affidavits should not be overridden. *But see Pippy*, 711 A.2d at 1055.

Justice Mundy joins this concurring and dissenting opinion.